IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DELORES J. PUGSLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant | Civil No.  CV-05-0136-CI<br><br><br><br>ORDER |

    Based upon review of the record herein and noting the stipulation of the parties, it is hereby ORDERED that this case be REVERSED and REMANDED to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

    On remand the Administrative Law Judge (ALJ) will give further consideration to the treating and examining source opinions pursuant to the provisions of 20 C.F.R. § 404.1527 and Social Security Ruling (SSR) 96-2p *available at* 1996 WL 374188 and SSR 96-5p, *available at* 1996 WL 374183, and nonexamining source opinions pursuant to the provisions of 20 C.F.R. § 404.1527(f) and SSR 96-6p, *available at* 1996 WL 374180.  The hearing decision

should articulate consideration of all medical source opinions in the case record, and explain the weight given to such opinion evidence, consistent with 20 C.F.R. § 404.1527.  As appropriate, the ALJ may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff can still do despite her impairments.  20 C.F.R. § 404.1512.

The ALJ is directed to: further consider the severity of Plaintiff's exertional and non-exertional impairments.  In so doing, the hearing decision should reflect consideration of Plaintiff's subjective complaints concerning the limitations resulting from the Plaintiff's dermatitis and mental impairments.  If necessary, the ALJ is directed to develop the case record further concerning the duration and frequency that Plaintiff can wear gloves to protect her hands before exacerbation of her symptoms.  The ALJ is directed to give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.  20 C.F.R. § 404.1545 and SSR 96-8p, *available at* 1996 WL 374189.

The ALJ is directed to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.  SSR 83-12, *available at* 1983 WL 31253 and SSR 83-14 *available at* 1983 WL 31254.  The hypothetical questions should <u>clearly</u> reflect the specific

capacity/limitations established by the record as a whole.  The ALJ will ask the vocational expert to offer an opinion of whether a hypothetical individual with limitations consistent with Plaintiff's can perform the Plaintiff's past relevant work of house worker/cleaner and/or commercial cleaner (janitor) as identified in the *Dictionary of Occupational Titles(DOT)* (4th ed. 1991), despite such specific capacity/limitations.  If warranted by the expanded record, the ALJ will proceed to the fifth step of the sequential evaluation and develop the record further concerning whether Plaintiff can make an adjustment to other work.  In so doing, the ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy.  Before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the *DOT* and its companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, published by the U.S. Department of Labor.  SSR 00-4p, *available at* 2000 WL 1898704.  The ALJ is directed to take any further action necessary to render a new decision in this matter.

  Reasonable attorney fees will be awarded, upon proper application, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

/ /

DATED this  24th  day of  January , 2006.

S/ CYNTHIA IMBROGNO
_____
UNITED STATES MAGISTRATE JUDGE

Presented by:

s/ TERRYE E. SHEA
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
Telephone (206) 615-2143
FAX (206) 615-2531
terrye.shea@ssa.gov